```
             UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF LOUISIANA

RUSSELL LESTER                              CIVIL ACTION

VERSUS                                      NO: 14-80

VALERO REFINING-MERAUX, LLC                 SECTION: J(2)
```

## ORDER AND REASONS

Before the Court is a *Motion for Summary Judgment* **(Rec. Doc. 21)** filed by Defendant, Valero Refining-Meraux, LLC ("Valero"), as well as an *Opposition* (**Rec. Doc. 29**) by Plaintiffs, Russell Lester ("Lester") and Sharon Lester (collectively "Plaintiffs"), and Valero's *Reply* (**Rec. Doc. 34**). Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the motion should be **DENIED.**

## PROCEDURAL AND FACTUAL BACKGROUND

This matter arises from alleged injuries sustained by Lester while employed as a truck driver by CW Transport, LLC. Lester claims that on November 22, 2012 he was dispatched to pick up a load of propane at Valero's facility in Meraux, Louisiana. Lester spent approximately an hour in the loading area loading up his truck, and once the truck was fully loaded, Lester turned around and took several steps to disconnect the hose from the truck. While Lester was walking, he alleges that he tripped over a valve

1

connected to the end of a loading hose that was lying on the ground. Lester claims that he sustained serious injuries to his left wrist and right knee, both of which necessitated surgeries.

Plaintiffs filed this lawsuit against Valero in state court under a theory of negligence, asserting, amongst other things, that Valero was negligent in failing to provide a warning of a dangerous condition, failing to provide a safe premises for its patrons and business invitees, and negligently allowing an unsafe condition to exist on its premises. (Rec. Doc. 1-1, p. 2). Lester seeks a number of damages including damages for past and future medical expenses, lost wages, and pain and suffering. Lester's wife, Sharon, also seeks damages for loss of consortium, companionship, society, and friendship, which she alleges to have suffered as a result of Lester's physical injuries. Valero subsequently removed the matter to this Court based on diversity jurisdiction.

Valero has filed the instant motion, requesting that the Court grant summary judgment in its favor and dismiss Plaintiffs' claims with prejudice.

## PARTIES' ARGUMENTS

Valero asserts that Plaintiffs' claims for negligence should be dismissed because the hoses lying on the ground over which Lester tripped constituted an "open and obvious" hazard. Under Louisiana law, Valero notes that as a landowner, it may not be held liable for any injury resulting from a hazard which was obvious and

which Lester should have observed. Valero further submits that Lester was fully aware of the danger posed by the hoses, as Lester admits to noticing the hoses on several previous visits to the facility, noticing the hoses when he first arrived at the facility on the day of the incident, and even noticing the hoses as he was in the process of stepping over them. As such, Valero asserts that because Lester was fully aware of the obvious danger posed by the hoses, Valero had no duty to guard against such danger.

In response, Plaintiffs first clarify Valero's argument, noting that Lester tripped over a valve which was connected to the hose as opposed to the hose itself. Because of this, Plaintiffs dispute that the danger posed by the valve was "open and obvious" as Valero contends, since the valve was much smaller and the same color as the hose, and thus not easily seen. Plaintiffs also argue that the issue of whether the danger posed by the valve was open and obvious is a question that must be decided by the jury at trial, as opposed to the Court on summary judgment.

In its *Reply*, Valero asserts that the distinction of whether Lester tripped over a hose or a valve is immaterial, as the valve was visibly connected to the hose, and thus obviously posed the same danger as the hose. Additionally, Valero argues that summary judgment is appropriate on the issue of whether the valve posed an open and obvious danger, in light of recent Louisiana jurisprudence.

**LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no material issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c); *See also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."  *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008).  All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions.  *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted).  The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or

4

"showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a material issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a material issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

In their complaint, Plaintiffs assert that the Court should find Valero liable for negligence, because "as owner and custodian of the premises, Valero knew or should have known of the dangerous condition which caused the damages and injuries to Petitioners." (Rec. Doc. 1-1, p. 4). It is well-settled in Louisiana law that a landowner owes a duty to all visitors and business invitees "to discover any unreasonably dangerous conditions and to either correct the condition or warn of its existence." *Socorro v. City of New Orleans*, 579 So.2d 931 (La. 1991) (citing *Shelton v. Aetna*

5

*Casualty & Surety Co.*, 334 So.2d 406, 410 (La. 1976)). An owner of a thing which causes damage or injury to another may be found liable for that damage if the plaintiff is able to prove that: (1) the property which caused the damage was in the custody of the defendant; (2) the property had a condition that created an unreasonable risk of harm to persons on the premises; (3) the unreasonably dangerous condition was a cause-in-fact of the resulting injury; and (4) the defendant had actual or constructive knowledge of the risk." *Ardoin v. Lewisburg Water System*, 07-180 (La. App. 3 Cir. 7/18/07); 963 So.2d 1049, 1051 (citing *Bozeman v. Scott Range Twelve Ltd. Partnership*, 03-903, (La. App. 1 Cir. 4/2/04); 878 So.2d 615, 619); LA. CIV. CODE ANN. art. 2317. Here, Valero contends that the hose and valve over which Lester tripped posed an open and obvious risk, and as such, were not unreasonably dangerous.[1] As such, Valero asserts that it should be found relieved of liability, because it had no duty to warn Lester of any potential risk posed by the hoses and valves or attempt to prevent Lester's injury.

In determining whether the risk of harm posed by a defect is "unreasonably dangerous," courts generally employ a risk-utility balancing test in which they consider the following four factors:

---

[1] Because Valero does not bear the burden of proof at trial, it is required only to show that Plaintiffs are unable to prove an essential element of their negligence claim. Thus, the remaining elements of custody, knowledge, and causation are not at issue in this motion, and the Court will only address Valero's argument that the hoses and valve did not pose an unreasonable risk.

"(1) the utility of the complained-of condition; (2) the likelihood and magnitude of the harm, which includes the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of its social utility, or whether it is dangerous by nature." *Dauzat v. Curnest Guillot Logging, Inc.*, 08-0528 (La. 12/2/08); 995 So.2d 1184, 1186-87 (citing *Hutchinson v. Knights of Columbus, Council No. 5747*, 03-1533 (La. 2/20/04); 866 So.2d 228, 235; *Ardoin*, 963 So.2d at 1051). Because the duty of a landowner is governed by a reasonableness standard, "where a risk of harm is obvious, universally known and easily avoidable, the risk is not unreasonable. *Hutchinson,* 866 So.2d at 236. As such, when a risk is obvious to all, a landowner has no duty to warn of or prevent any injury which may arise from the defect and is not liable for negligence. *Henshaw v. Audubon Park Com'n*, 605 So.2d 640, 641 (La. App. 4 Cir. 1992) (citing *Shelton*, 334 So.2d at 410).

Here, considering the first factor of the risk-utility balancing test, the hoses appear to have a strong utility in that they were "used to connect from the header to the tanker trucks that were to be loaded in that area." (Rec. Doc. 21-1, p. 1). For purposes of the third factor, the cost of preventing the harm appears to be minimal. Valero could easily have avoided any injury which may have been caused by the hoses simply by hanging them, as opposed to leaving them lying on the ground. Lester has testified

7

that the majority of other refining facilities hang their loading hoses on racks in the loading area, rather than leaving them on the ground, so as to prevent against potential injury. (Rec. Doc. 29-1, p. 63). With regards to the fourth factor, while the job of a trucker is dangerous by nature, the act of walking in a refining facility does not carry the same risk. *See Dauzat*, 995 So.2d at 1187. Additionally, it should be noted that in order to start and stop the flow of product to his truck, Lester was required to "traverse back and forth over the hoses on the ground" on several occasions during the loading process. (Rec. Doc. 29, p. 5). Because the only pathway Lester could have taken to complete the loading process was through the area in which the hoses were located, Lester was unable to avoid the danger posed by the hoses and their valves.

Considering the second factor, the Court must determine whether the hose and attached valve posed a risk that was so obvious and apparent as to render it not unreasonably dangerous. In order for a defect to be considered open and obvious, "the hazard should be one that is open and obvious to everyone who may potentially encounter it." *Bufkin v. Felipe's La., LLC*, 14-0288 (La. 10/15/14); 2014 WL 5394087, at *4 (citing *Broussard v. State ex rel. Office of State Bldgs.*, 12-1238 (La. 4/5/13); 113 So.3d 175, 184; *Hutchinson*, 866 So.2d at 234). Here, the Court does not agree with Valero that the valve over which Lester tripped was

clearly open and obvious. In support of its motion, Valero relies heavily on Lester's admission that he viewed the hoses lying on the ground on several occasions, including as he was stepping over them. However, none of these admissions make any specific reference to the valve over which Lester actually tripped. Instead, as noted by Plaintiff, and as evidenced by photographs provided to the Court (Rec. Doc. 29-4, p. 1-2), the valve was not readily noticeable. Instead, the valve, which protruded from the hose at a ninety degree angle, was "thin and gray not easily seen" and a mere few inches in length. (Rec. Doc. 29, p. 5). As opposed to the hoses, the Court finds that due to the valve's size and coloring, a genuine question remains regarding whether the valve posed an open and obvious danger.

In its *Reply*, Valero cites to the recent Louisiana Supreme Court case of *Bufkin v. Felipe's La., LLC*, 14-0288 (La. 10/15/14); 2014 WL 5394087. In *Bufkin*, the plaintiff was injured when he was struck by a bicyclist while attempting to cross the street next to the defendant's large dumpster. *Id.* at *1. The plaintiff alleged that the dumpster contributed to his injury by obstructing his view and preventing him from crossing the street safely. *Id.* The Supreme Court held that summary judgment in favor of the defendant was appropriate, as the danger posed by the dumpster was obvious and apparent. *Id.* at *6. However, unlike in *Bufkin*, the valve over which Lester tripped was not a "pick-up truck-sized dumpster, a

large inanimate object visible to all," but instead was only a mere two or three inches, and appears to blend into the coloring of the hose. *See id.* The Court finds that the present circumstances are more analogous to the case of *Broussard v. State ex rel. Office of State Bldgs.,* 12-1238 (La. 4/5/13); 113 So.3d 175, relied upon by Plaintiffs. In *Broussard*, the plaintiff was injured when he attempted to maneuver a dolly onto an elevator which stopped in a position that was uneven with the floor. *Id.* at 179. The Supreme Court found that the appellate court erred in granting summary judgment in favor of the defendant owner of the elevator, because despite the fact that the plaintiff admitted he was aware of the elevator's offset, a reasonable jury could have determined that the danger posed by the elevator was not open and obvious to all who encountered it. *Id.* at 189-92. Here, even though Lester admits that he was aware of the hoses located on the ground, he does not specifically admit that he noticed the valve prior to his trip and fall. Additionally, like in *Broussard*, due to the characteristics of the valve, the Court finds that its risk may not have been obvious to all who encountered it.

Because genuine issues remain regarding whether the valve over which Lester tripped was open and obvious and thus not unreasonably dangerous, at this stage in the proceedings, the Court finds that summary judgment on Plaintiffs' claims is not warranted.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the *Motion for Summary Judgment* **(Rec. Doc. 21)** is **DENIED.**

New Orleans, Louisiana this 19th day of February, 2015.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE